**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **C.A.P.H.,** | : | |
| **Petitioner,** | : | |
| **v.** | : | **Case No. 4:26-cv-1338-CDL-CHW**<br>**28 U.S.C. § 2241** |
| **Warden, STEWART DETENTION CENTER, *et al.*,** | : | |
| **Respondents.** | : | |

**ORDER**

On October 26, 2026, Luis Fernando Poma Herrera filed an application for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 1) on behalf of Petitioner C.A.P.H. The petition is filed by Mr. Herrera, who claims next friend standing, and is unsigned by Petitioner. He identifies himself as petitioner's brother. (*Id.*).

Someone acting as "next friend" may file a habeas petition on behalf of a person unable to seek relief himself. *Francis v. Warden*, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). To show standing, the next friend must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).

While Mr. Herrera cites Petitioner's detention, limited access to legal resources and the courts, and a language barrier, the Court has regularly received signed *pro se* applications from

detainees at Stewart Detention Center. Mr. Hererra does not provide an explanation of why Petitioner's circumstances differentiate him from the other detainees at Stewart Detention Center. Mr. Hererra cites specifically Petitioner's language barrier, however, *Whitmore* requires that a next friend "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." 495 U.S. at 163 (citation omitted). "But illiteracy is not incompetence." *Lorenzo v. Warden, Fla. Soft Side S. Det. Ctr.*, No. 2:26-CV-698-KCD-DNF, 2026 WL 730339, at *1 (M.D. Fla. Mar. 16, 2026). Mr. Hererra has not demonstrated why he could not read and translate for Petitioner and then have Petitioner verify and sign the petition himself. As such, in order for this matter to proceed, Mr. Hererra must either provide additional information to show why he should be allowed to proceed as next friend for Petitioner, or the Court must receive an application for habeas relief signed by Petitioner personally. The Clerk is **DIRECTED** to provide the appropriate standard habeas form for this purpose. The Clerk is also **DIRECTED** to mail a copy of this Order and standard habeas form to both Mr. Hererra and to Petitioner. Petitioner shall have twenty-one (21) days to comply with this order. Failure to comply may result in dismissal of this action.

**SO ORDERED**, this 28th day of October, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge